ORLANDO LEIGHTON *versus* WILLIAM W. COLBY.

By virtue of R. S., c. 82, §§ 94 and 108, a plaintiff shall recover costs in an action of debt, by trustee process commenced in good faith, on a judgment on which an execution might have issued when such action was commenced, although the alleged trustee be discharged on motion, by reason of defective service on him.

ON EXCEPTIONS to the ruling of GODDARD, J., in the Superior Court.

DEBT, by trustee process, on a judgment recovered in the S. J. Court, Jan., 1868. The writ was dated July 13, 1868, on which the officer returned that he had " summoned the within named corporation as trustees, by leaving at the last and usual place of abode of H. P. Storer, treasurer of said corporation, a true and attested copy of this writ."

Leighton *v.* Colby.

At the return term of the action, the alleged trustees appeared and seasonably moved to be discharged because H. P. Storer was not their treasurer when the writ was served upon him; whereupon they were discharged, and subsequently the defendant was defaulted, to be heard in costs.

At a hearing in costs, before the clerk, no costs were allowed the plaintiff, whereupon the plaintiff appealed to the Judge who overruled the decision of the clerk and allowed costs to the plaintiff; and to this ruling the defendant alleged exceptions.

*Howard & Cleaves*, for the defendant.

*J. W. Symonds*, for the plaintiff.

APPLETON, C. J. — By R. S., c. 82, § 94, "in all actions, the party prevailing shall recover costs, unless otherwise specially provided."

By § 108, "a plaintiff shall not be allowed costs in an action on a judgment of any tribunal, on which an execution could issue when such suit was commenced, except in trustee process." In other words, he shall recover costs in trustee process in an action on a judgment in which an execution might have issued when such suit was commenced. This was a trustee process, commenced in good faith and with no design to make unnecessary costs. The officer made a return of service on the trustee. The trustee appeared and was discharged. The general rule is to allow costs to the prevailing party. The defendant does not bring himself within the special exemption from cost. He certainly is not within the language, nor is he within the spirit of § 108. The exemption from costs is not made to depend upon whether the trustee is charged or not. The suit does not cease to be a trustee process, because the trustee is discharged. *Exceptions overruled.*

KENT, WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.